IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 17-453 |
| MAURO TLAPALTOTOLI-DANIEL | : |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys, Louis D. Lappen, United States Attorney for the Eastern District of Pennsylvania, and Robert E. Eckert, Assistant United States Attorney for the District, respectfully files this sentencing memorandum regarding defendant Mauro Tlapaltotoli-Daniel.

### I. INTRODUCTION

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors, which support a sentence within the guideline range of zero to six months' imprisonment.

### II. BACKGROUND

#### A. The Charges

On August 29, 2017, the defendant was charged by indictment with one count of reentry after deportation, in violation of 8 U.S.C. § 1326(a). On September 20, 2017, he entered a guilty plea to the indictment before this Court. Sentencing is scheduled for October 19, 2017 at 9:30 AM.

#### B. The Offense Conduct

The defendant Mauro Tlapaltotoli-Daniel, is a native and citizen of Mexico and is not a citizen of the United States. On June 24, 2011, and October 5, 2012, defendant was removed

from the United States to Mexico. In connection with this removal, immigration officials executed a Form I-205, Warrant of Deportation/Removal, which contains the defendant's name, signature, alien number, photograph and fingerprint. Prior to the removal, immigration officials served the defendant with an I-294, Warning to Alien Ordered Removed or Deported, dated June 22, 2011, and October 3, 2012, which warned him that he was prohibited from entering, attempting to enter or being in the United States for a period of ten years from the date of his deportation. The I-294 also noted that the defendant was required to request and obtain permission from the Attorney General to reapply for admission to the United States following his deportation and that illegal re-entry was a crime under 8 U.S.C. §1326 and punishable by two to twenty years' imprisonment. On July 31, 2017, the defendant was arrested in Montgomery County based on an outstanding bench warrant in Philadelphia County. That same day, Immigration and Customs Enforcement (ICE) officials encountered the defendant by ICE officials in Delaware County, Pennsylvania, and took the defendant into ICE custody.

### III. SENTENCING GUIDELINES CALCULATION

#### A. **Statutory Maximum And Mandatory Minimum Sentences**

The statutory maximum penalty for a violation of 8 U.S.C. § 1326(a), (illegal re-entry after deportation), is two years' imprisonment, a $250,000 fine, one-year of supervised release, and a $100 special assessment.

#### B. **Sentencing Guidelines Calculation**

The government agrees with the U.S. Probation Office that the following Sentencing Guidelines calculation applies in this case:

1. <u>Offense Level</u>

| | | |
|---|---|---|
| Base offense level: | U.S.S.G. § 2L1.2(a) | 8 |
| | **TOTAL** | **8** |

2. <u>Adjustment for Acceptance of Responsibility</u>

| | | |
|---|---|---|
| The offense level is reduced by two points. | U.S.S.G.§ 3E1.1(a) | -2 |
| | **FINAL TOTAL** | **6** |

3. <u>Criminal History Computation</u>

The defendant has no prior criminal convictions. PSR ¶ 25. Thus, his criminal history score is zero and a criminal history category of one. PSR ¶ 26-27.

4. <u>Calculation</u>

With an offense level of 6 and a criminal history category of I, the defendant qualifies for a guideline range of 0 to 6 months' imprisonment. PSR ¶ 37-38.

## IV. **LEGAL STANDARD**

This Court must follow a three-step process when sentencing a defendant: (1) calculate the defendant's guideline sentence, (2) formally rule on any departure motions and state how any departure affects the defendant's guideline calculation, and (3) exercise discretion by separately considering the relevant factors outlined in 18 U.S.C. § 3553(a) when setting the sentence. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

At the third step of the sentencing process, the Court must consider the advisory guideline range along with all the pertinent § 3553(a) factors in determining the final sentence. "The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either

the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006) (citations omitted).

V.     **Consideration of the 3553(a) Factors**

The relevant § 3553(a) factors will be discussed in turn.

   1.     **The nature and circumstances of the offense and the history and characteristics of the defendant;**

The defendant, Mauro Tlapaltotoli-Daniel, is a native and citizen of Mexico and is not a citizen of the United States. PSR ¶ 35. On June 24, 2011, and again on October 5, 2012, the defendant was removed from the United States. PSR ¶ 7-8. The defendant was also encountered by the United States Border Patrol on October 19, October 24, and October 28, 2016, and granted voluntary return each time. PSR ¶ 6. Nevertheless, Tlapaltotoli-Daniel was found in the United States on or about July 31, 2017, when ICE officials encountered him in Montgomery County following his detention on an outstanding bench warrant. PSR ¶ 10.

   2.     **The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and**
   3.     **The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant;**

The defendant has committed a serious offense. The integrity of the United States border is of upmost importance and the United States, like any country, has the highest interest in protecting its borders and enforcing immigration laws. Charging and convicting individuals who have been convicted of violent felony offenses and have previously been deported, only to reenter the United States without permission, sends a deterrent message to others who seek to do the same.

4

A factor in the sentencing determination is both specific and general deterrence. As the courts of appeals have held both before and after *Booker*, deterrence under 3553(a) is not limited to deterrence of the particular defendant. *See e.g. United States v. Jordan*, 435 F.3d 693, 698 (7th Cir. 2006) (describing how Section 3553(a) "specifies that the court may consider the need for general deterrence and respect for the law"); *United States v. Glover*, 431 F.3d 744, 751 (11th Cir. 2005) (noting that pre-*Booker* and post-*Booker*, "the underlying goals of the statute and the Guidelines are retribution, general deterrence, incapacitation, and rehabilitation" (internal quotation marks omitted)); *see also United States v. Yeaman*, 248 F.3d 223, 232 (3d Cir. 2001) (referring to Section 3553(a)'s goals of "general deterrence, specific deterrence, retribution, and rehabilitation").

In *United States v. Gutierrez-Gonzalez*, 184 F.3d 1160, 1165 (10th Cir. 1999), the Court recognized that Congress' specific intent in enacting 8 U.S.C. § 1326 was to break the cycle of illegal reentry by the same aliens. The Court noted:

> "It frequently happens that aliens of the criminal and other classes who are deported under the general immigration law reenter the country unlawfully. As a matter of fact, in some instances such aliens have been deported four or five times, only to return as soon as possible to the United States in an unlawful manner.
>
> . . . .
>
> It is true . . . that if criminal prosecution fails, the previously deported alien can be deported again; but having to deport the same illegal alien again and again is just the tedious cycle that Congress was trying in section 1326 to break . . . . The fact that possible deportation is not a sufficient deterrent to discourage those who seek to gain entry through other than regular channels is demonstrated by the frequency with which (the Department of Labor) is compelled to resort to deportation proceedings for the same alien on several succeeding occasions."

Id. at 1165 (quoting *United States v. Anton*, 683 F.2d 1011, 1020 (7th Cir. 1982) (Posner, J. dissenting).

The government believes that a sentence within the guideline range, will "reflect the seriousness of [the defendant's] offense . . . promote respect for the law . . . provide just punishment for the offense . . . protect the public from further crimes of the defendant . . . [and] afford adequate deterrence to [further] criminal conduct. . ." 18 U.S.C. § 3553 (1)(A)(B)(C).

A period of supervised release will also serve to provide an added measure of deterrence and protection. Generally, Section 5D1.1(c) of the Sentencing Guidelines, states a presumption against the imposition of supervised release for deportable aliens. However, the accompanying comment provides a court should consider imposing a term of supervised release if the court determines it would provide an added measure of deterrence and protection. U.S.S.G. § 5D1.1(c), cmt.n.5. In imposing a term of supervised release on a deportable alien, the court

> must 'explain and justify' the imposition of supervised release on a deportable immigrant. [*United States v. Murray,* 692 F.3d 273, 281 (3d. Cir. 2012)]. It "must state the reasons in open court for imposing a [term of supervise release on a deportable immigrant] so that the appellate court is not left to speculate about the reasons." (citation omitted). This explanation "should directly address" the presumption against imposing supervised release "and provide the court's reasoning for taking a different course of action in the case before it." (citation omitted).

*United States v. Azcona-Polanco,* 2017 WL 3184723 *3 (3d Cir. July 27, 2017).

As discussed earlier, the defendant's repeated attempts to re-enter this country notwithstanding his prior removals demonstrate a willingness to commit crimes and defy court orders. Given this conduct, the record supports the imposition of a period of supervised release and the government respectfully requests that this Court order a period of supervised release.

  **4.  The need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

There is no need in this case to adjust the sentence in order "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in

the most effective manner . . . ." § 3553(a)(2)(D).

### 5. The Need to Avoid Unwarranted Sentence Disparities Among Similarly Situated Defendants

Adherence to the recommended sentencing guideline range is the only course for assuring that the defendant's sentence is consistent with those imposed nationwide on similarly-situated offenders. The government's recommendation of this sentence is based in part on the fact that such a sentence serves the vital goal of uniformity and fairness. Reference to the sentencing guidelines, while carefully considering the 3553(a) factors particularly relevant to an individual defendant, is the best available means of preventing the disfavored result of basing sentences on the luck of the draw in judicial assignments.

## IV. CONCLUSION

For all of these reasons, the government respectfully recommends that the defendant be sentenced a term of imprisonment within the guideline range and impose a term of supervised release.

Respectfully submitted,

LOUIS D. LAPPEN
Acting United States Attorney

Robert E. Eckert
Assistant United States Attorney

Date: October 12, 2017

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Government's Motion to Permit Departure from Guideline Sentencing Range and Sentencing Memorandum has been served by electronic mail upon:

        Felicia Sarner, Esquire
        Assistant Federal Defender
        Federal Community Defender Association
        Suite 540 West - The Curtis Center
        601 Walnut Street
        Philadelphia, PA 19106

        _____
        Robert E. Eckert
        Assistant United States Attorney

Date: October 12, 2017